## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| BONNIE RUTH ALLEN-STRAIGHT, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:23-CV-1087-B-BH |
| | ) | |
| STATE OF TEXAS, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Writ of Coram Nobis*, received on June 13, 2023 (doc. 10), should be **DISMISSED** for lack of jurisdiction. To the extent the petitioner seeks next-friend status for David Lester Straight, the request should be **DENIED**.

### I.       BACKGROUND

Bonnie Ruth Allen-Straight (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), was convicted in Johnson County, Texas, of carrying a weapon in a prohibited place; she was sentenced to five years' imprisonment on May 5, 2023, following a revocation of her probation. *See State v. Thomas*, No. F50926 (18th Dist. Ct., Johnson Cty., Tex. May 5, 2023). On May 11, 2023, an "Emergency Writ of Habeas Corpus" filed and signed on behalf of Petitioner by David Lester Straight that appeared to assert both habeas and civil claims was received. (*See* doc. 3.) Several affidavits and declarations from others relating to Petitioner's allegations in this action were also received on May 16, 2023, and May 30, 2023. (*See* docs. 4-6, 8-9.)

By order dated May 23, 2023, Petitioner was advised that David Lester Straight may not

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

represent her in this action because it did not appear that he was licensed to practice law and he had not established the propriety of "next friend" status under 28 U.S.C. § 2242.  If he sought to pursue the action on Petitioner's behalf, he had to file a motion to proceed as next friend for her within 30 days of the order that: (1) explained why Petitioner could not prosecute this case on her own at this time; (2) established that he is truly dedicated to the best interests of Petitioner; and (3) showed a significant relationship with Petitioner.  (*See* doc. 7 at 1-2.)  Petitioner was advised that she could alternatively prosecute this action on her own by filing the appropriate forms under her own signature.  (*See id.* at 2.)  To the extent she appeared to be challenging the parole revocation and state conviction pursuant to which she was in custody, she was directed to complete and return the appropriate forms for actions filed under 28 U.S.C. § 2254 within 30 days of the order.  (*See id.*)  If she intended to raise any non-habeas civil claims, she was directed to complete and return the appropriate forms for filing a civil action under 42 U.S.C. § 1983 and to either pay the full filing fee for civil actions or submit an application to proceed *in forma pauperis* with the required certificate of inmate trust account within 30 days of the order.  (*See id.*)

Petitioner did not complete and return any of the appropriate forms for filing a § 2254 habeas or civil rights action, and she did not pay the filing fee for a civil action or a motion to proceed *in forma pauperis*.  Instead, she filed a petition for a writ of error coram nobis on June 13, 2023. (*See* doc. 10.)  She argues that the state court lacked authority to enter judgment against her, codes and statutes do not apply to her, she is innocent of any crime, her conviction was contrived through fraud, she was falsely arrested and kidnapped, she was punished without indictment, she was denied bail, she was placed under house arrest and probation, she was ordered to pay monthly fees for community supervision, she was prohibited from traveling, a state magistrate judge interfered with her 2009 divorce decree, officers of the state court are involved in trafficking

women and children, she was subjected to cruel and unusual punishment, officers of the state court executed a plan to deceive jurors at her trial, her due process rights were violated because false testimony was presented at trial and she was unable to prepare a defense, due process was denied at both the trial and appellate levels, she discharged her debt in the underlying state case by sending a silver coin by registered mail, and she was subjected to double jeopardy.   (*See id.* at 3-20.)   In her filing, she also appears to appoint herself and David Lester Straight as "attorney in-fact for all purposes related to the administration of the BONNIE ALLEN THOMAS estates[.]"   (*Id.* at 21; *see also id.* at 23-24.)   She alleges that her place of incarceration is withholding pens, paper, and library access, and U.S. Mail has been denied to her multiple times, so "[t]herefore it is imperative that I have my husband, assignee, trust protector to draft, print and file papers as I wish, into the court case, to compel remedies for my life, liberty and property."   (*Id.* at 22.)

## II.     JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."   *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Courts have "a continuing obligation to examine the basis for their jurisdiction."  *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A writ of error *coram nobis* is a remedy of last resort for persons who are no longer in custody pursuant to a criminal conviction and therefore are unable to pursue direct review or seek collateral relief by filing a petition for a writ of habeas corpus.  *See United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999).  Petitioner is still in custody, so this Court lacks jurisdiction to

grant *coram nobis* relief. *United States v. Urdiales Garcia*, 442 F. App'x 935, 936 (5th Cir. 2011); *see also United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004). It also does "not have authority to grant coram nobis relief to a state prisoner seeking to attack a state court judgment." *Back v. Amarillo Police Dep't*, 673 F. App'x 458, 458 (5th Cir. 2017). Accordingly, the petition for a writ of error *coram nobis* should be dismissed for lack of jurisdiction.[2]

### III.    NEXT FRIEND STATUS

As discussed, if David Lester Straight sought to pursue this action on Petitioner's behalf, he was required to file a motion to proceed as next friend for her within 30 days of the order that: (1) explained why Petitioner could not prosecute this case on her own at this time; (2) established that he is truly dedicated to the best interests of Petitioner; and (3) showed a significant relationship with Petitioner. (*See* doc. 7 at 1-2.) The next friend has the burden to clearly "establish the propriety of his status" so as to "justify the jurisdiction of the court." *Whitmore v. Arkansas,* 495 U.S. 149, 164 (1990); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (noting that "the court is without jurisdiction to consider the petition" unless the application sets forth adequate reasons or explanations for granting next friend status).

Here, no motion or request to proceed as next friend has been received from David Lester Straight. He therefore has failed to present the Court with sufficient information and documentation to satisfy his burden. Moreover, the motion prepared by Petitioner clearly shows that she is able to prosecute the case on her own.[3] Accordingly, any request that David Lester

---

[2] Because Petitioner has not complied with the May 23, 2023 order to complete and return the appropriate forms to pursue a § 2254 habeas action or a § 1983 civil rights action, her current filing is not construed as either a § 2254 or § 1983 action.

[3] Despite claiming that she has been denied pens, paper, and access to the law library, she was able to prepare a 24-page, handwritten filing with citations to case law and legal authorities.

Straight be authorized to proceed as "next friend" to Petitioner should be denied.[4]

## IV.    RECOMMENDATION

The *Writ of Coram Nobis*, received on June 13, 2023 (doc. 10), should be **DISMISSED** for lack of jurisdiction.  any request that David Lester Straight be authorized to proceed as "next friend" to Petitioner should be denied.

**SIGNED this 10th day of July, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] To the extent Petitioner attempts to designate David Lester Straight as her counsel or "attorney in-fact" in this action through a power of attorney, "she fails to understand that a power-of-attorney does *not* present an individual with the right to represent someone as 'next friend' in a *pro se* capacity and to act as an actual attorney." *Schreck by & through Schreck v. City of Amarillo*, No. 2:21-CV-220-Z-BR, 2021 WL 5178855, at *3 (N.D. Tex. Nov. 8, 2021) ("An 'attorney-in-fact' designation is *not* a license to practice law"); *see also Weber*, 570 F.2d at 514 ("individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law.").