IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BONNIE RUTH ALLEN-STRAIGHT, | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:23-CV-1087-B-BH |
| | ) | |
| STATE OF TEXAS, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Notice of Objections and Notice of Neglect of duty Notice of Void recommendations & orders*, received on August 22, 2023 (doc. 19), and *Motion for Reconsideration*, received on August 29, 2023 (doc. 22), should be liberally construed as motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

## I.    BACKGROUND

Bonnie Ruth Allen-Straight (Petitioner) is an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). On May 11, 2023, her husband filed an "Emergency Writ of Habeas Corpus" on her behalf, which he signed, that appeared to assert both habeas and civil claims. (*See* doc. 3.) By order dated May 23, 2023, Petitioner was advised that her husband could not represent her because it did not appear he was licensed to practice law and he had not established the propriety of "next friend" status, and that he must file a motion to proceed as next friend for her if he sought to pursue the action on her behalf. (*See* doc. 7.) Petitioner was also directed to complete and return the appropriate forms if

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

she intended to file a habeas action under 28 U.S.C. § 2254 or a civil action under 42 U.S.C. § 1983 within 30 days of the order. (*See id.*) She did not complete and return any of the appropriate forms for filing a § 2254 habeas or a civil rights action, and instead filed a petition for a writ of error *coram nobis* on June 13, 2023. (*See* doc. 10.) Her husband also did not file a motion to proceed as next friend for her in the action. On July 10, 2023, it was recommended that the petition for a writ of error *coram nobis* be dismissed for lack of jurisdiction. (*See* doc. 12.) The recommendation was accepted, the *coram nobis* petition was dismissed for lack of jurisdiction, and judgment was entered on July 26, 2023. (*See* docs. 15-16.)

In her first filing, dated August 10, 2023, Petitioner objects to the assignment of a magistrate judge in this action. (*See* doc. 19 at 1-2.) She also objects to the July 10 recommendation, arguing generally that her husband and "[a]ll the men & women in Texas could write a writ of habeas corpus for me if they saw I was wrongly confined," various conclusions in the recommendation were erroneous, the denial of relief constitutes extreme torture because of her conditions of confinement, discrimination and unequal treatment in the state and federal courts are occurring, and the assigned district judge failed to review her filings *de novo*; she also reasserts claims and arguments raised in the original filing on her behalf and the *coram nobis* petition. (*Id.* at 3-16.)

In her second filing, Petitioner again contends that the assigned district judge did not review her writ of habeas corpus *de novo*. (*See* doc. 22.) She also demands relief and complains about her prior objections not yet appearing on the docket as of August 23, 2023, and the conditions of confinement at her current place of incarceration. (*See id.*)

## II.     NATURE OF FILINGS

Petitioner's filings challenge the recommendation and dismissal of this action, and

2

therefore appear to seek relief from judgment. "A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)," depending on "when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012); *see also Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021).

Because Petitioner's first filing objecting to the July 10 recommendation was dated after and received within 28 days of the entry of judgment, it should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams*, 602 F.3d at 303; *Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Bd. of Directors-Farmers Nat'l Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment)). Petitioner's second filing was mailed within 28 days of the entry of judgment and specifically references Rule 59(e), so it is also properly construed as a Rule 59(e) motion. *See Williams*, 602 F.3d at 303; Fed. R. Civ. P. 6(d).

### III.   FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for

3

rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner objects to the assignment of a magistrate judge in this action and states that she does not consent to the assignment. (*See* doc. 19 at 1-2.) A district judge is statutorily authorized to designate a magistrate judge to determine pretrial matters and to conduct hearings and submit findings of fact and recommendation on dispositive matters by 28 U.S.C. § 636(b). Under that express authority, the Northern District of Texas has implemented *Special Order 3-251*, which provides for automatic referral of certain cases and matters to magistrate judges. This *pro se* case falls under the automatic referral provisions of *Special Order 3-251* for full case management, including determination of non-dispositive motions and issuance of findings, conclusions, and recommendations on dispositive motions. Because the district court has retained the ultimate decision-making authority for this case, Petitioner's consent to this procedure is not required. *See Nixon v. GMAC Mortg. Corp.*, 408 F. App'x 833, 834 (5th Cir. 2011). Her objection is without merit, and she has not shown she is entitled to Rule 59(e) relief on this basis.

She also alleges that the district judge did not review her filings *de novo*. (*See* doc. 19 at 9; doc. 22.) The order accepting the July 10 recommendation expressly stated that all relevant matters of record were reviewed in accordance with 28 U.S.C. § 636(b)(1), and the record shows that no objections to the recommendation were received prior to the acceptance of the

recommendation and entry of judgment.  (*See* doc. 15 at 1.)  Petitioner provides no facts other than her conclusory statement to show entitlement to relief on this basis under Rule 59(e).

Petitioner also contends that her husband and "[a]ll the men & women in Texas could write a writ of habeas corpus for me if they saw I was wrongly confined," and claims that the recommendation's conclusion that her husband could not represent her as counsel was erroneous. (doc. 19 at 2-3.)  Petitioner was advised in the May 23 order that, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  (doc. 7 at 1 (quoting 28 U.S.C. § 1654) (quotation marks omitted).)  As discussed in the May 23 order and July 10 recommendation, Petitioner's husband, who did not appear to be licensed to practice law, was required to file a timely motion establishing the propriety of "next friend" status if he sought to pursue the action on Petitioner's behalf; he failed to do so, and Petitioner has since prosecuted this action on her own.  (*See id.* at 1-2; doc. 12 at 1-2, 4.)  The recommendation further noted that to the extent Petitioner sought to designate her husband to act as her counsel, "'she fails to understand that a power-of-attorney does *not* present an individual with the right to represent someone as 'next friend' in a *pro se* capacity and to act as an actual attorney.'"  (doc. 12 at n.4 (quoting *Schreck by & through Schreck v. City of Amarillo*, No. 2:21-CV-220-Z-BR, 2021 WL 5178855, at *3 (N.D. Tex. Nov. 8, 2021) ("An 'attorney-in-fact' designation is *not* a license to practice law")).)  Petitioner's objection is without merit, and she is not entitled to Rule 59(e) relief on this basis.

Her filings also reassert various arguments raised in the original filing and subsequent *coram nobis* petition and complain about her treatment and conditions of confinement at her

current place of incarceration.[2]  (*See* doc. 19 at 3-16; doc. 22.)  As discussed, rehashing evidence, legal theories, or arguments that were raised before the entry of judgment is insufficient to show entitlement to relief under Rule 59(e).  *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).  Further, her arguments fail to raise legitimate grounds refuting the basis for the dismissal of this action.  The July 10 recommendation noted that Petitioner was ordered to complete and return the appropriate forms for filing a § 2254 habeas action or a civil rights action under § 1983, depending on the relief she sought, within 30 days of the order.  (*See* doc. 12 at 1-2.)  She did not comply with the Court's order, and instead pursued a petition for a writ of error *coram nobis*.  (*See id.* at 2.)  As discussed in the recommendation, a writ of error *coram nobis* is a remedy of last resort for persons who are no longer in custody pursuant to a criminal conviction.  (*See id.* at 3.)  Because Petitioner was still in custody, the Court lacked jurisdiction over her *coram nobis* petition.  (*See id.* at 3-4.)  Petitioner remains in custody, and she did not comply with the Court's order to complete and return the appropriate forms for a filing a § 2254 habeas action or a § 1983 civil rights action in order to pursue relief on either basis.  She has failed to identify an intervening change in controlling law, point out the availability of new evidence not previously available, identify a manifest error of law or fact, or identify any other extraordinary circumstances justifying alteration or amendment of the judgment in this action under Rule 59(e).

Because she has provided insufficient grounds to justify relief under Rule 59(e), her motions should be denied.

### IV.    RECOMMENDATION

Petitioner's *Notice of Objections and Notice of Neglect of duty Notice of Void*

---

[2] By order dated July 17, 2023, Petitioner was notified that if she sought to challenge the constitutionality of her conditions of confinement at her place of incarceration, such claims were properly raised in a separate civil rights action under § 1983 filed in the appropriate venue.  (*See* doc. 14 at 1-2.)

*recommendations & orders*, received on August 22, 2023 (doc. 19), and *Motion for Reconsideration*, received on August 29, 2023 (doc. 22), should be liberally construed as motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**SIGNED this 7th day of September, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE