IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BONNIE RUTH ALLEN-STRAIGHT, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:23-CV-1087-B-BK |
| ) | |
| STATE OF TEXAS, ) | |
|     Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the petitioner's *60b(4) and (6) Motion to Set aside void orders denying relief from the unlawful, illegal conviction, in Equity Notice of Claim to Property*, received on March 19, 2024 (doc. 27). Based on the relevant filings and applicable law, the motion is **DENIED** to the extent it seeks relief from judgment in this closed action. To the extent the motion includes an attachment seeking relief from a state conviction or sentence under 28 U.S.C. § 2254, the Court **DIRECTS** the opening of a new § 2254 action.

### I. BACKGROUND

Bonnie Ruth Allen-Straight (Petitioner) is a state prisoner whose husband originally filed an "Emergency Writ of Habeas Corpus" on her behalf. (*See* doc. 3.) Petitioner was advised that her husband could not represent her because he was not licensed to practice law and had not established the propriety of "next friend" status. (*See* doc. 7.) She was directed to complete and return the appropriate forms if she intended to file a habeas action under 28 U.S.C. § 2254 or a civil rights action under 42 U.S.C. § 1983. (*See id.*) Instead of returning either set of forms for a § 2254 petition or § 1983 action, Petitioner sought relief through a petition for a writ of error *coram nobis*. (*See* doc. 10.) It was recommended that the *coram nobis* petition be dismissed for lack of jurisdiction. (*See* doc. 12.) The recommendation was accepted, the *coram nobis* petition was dismissed for lack of

jurisdiction, and judgment was entered on July 26, 2023. (*See* docs. 15-16.) Petitioner's two subsequent filings challenging the recommendation and judgment were liberally construed as motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and denied. (*See* docs. 19, 22, 24-25.)

Petitioner now appears to seek relief from judgment under Federal Rule of Civil Procedure 60(b)(4) and (b)(6). (*See* doc. 27.) She also attaches to her motion a "[W]rit of habeus [sic] corpus petition (in equity in chancery)" and exhibits to same. (*See id.* at 8-77.)

## II.  FED. R. CIV. P. 60(b)

Under Rule 60(b), a district court may grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. Fed. R. Civ. P. 60(b)(1)-(5). A court can also set aside a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). But relief under this "catch-all" provision is available "only if extraordinary circumstances are present," and not if the motion is premised on one of the grounds for relief set forth in subsections (b)(1) through (b)(5). *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)); *see also United States v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015) ("'[R]elief under subsection (6) is not available to a movant where . . . the relief sought would have been, if not for the Rule's time limits, within the coverage of another of the subsections of the Rule.'").

As stated, Petitioner seeks relief under Rule 60(b)(4) and Rule 60(b)(6). She has failed to show that she is entitled to Rule 60(b) relief under either provision. Here, she alleges generally that

2

"the fraud of the 'presumption of death' which was done in my 7th year of life" by the coroner of Johnson County, Texas, who filed and sent a death certificate, which left her "open to attack by all, including but not limited to; [sic] City, County, State and Federal Agencies all under the 'presumption of death'[.]" (doc. 27 at 1-2.) She also complains that fraud resulting in her current imprisonment and circumstances occurred due to her mother signing her birth certificate in 1968 after giving birth to her. (*See id.* at 4.)

Petitioner's allegations fail to provide any meritorious basis showing that the judgment dismissing her *coram nobis* petition for lack of jurisdiction was void, and they also fail to establish that some extraordinary or compelling circumstance exists such that denial of her motion would be "so unwarranted as to constitute an abuse of discretion." *Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motions). Accordingly, Rule 60(b) relief is not warranted and Petitioner's motion is **DENIED**. Further, to the extent her filings received on February 29, 2024 (doc. 26) and April 9, 2024 (doc. 28) seek any additional relief in this closed action, the requests are **DENIED.**

### III.  HABEAS CLAIMS

Petitioner attaches to her Rule 60(b) motion a "[W]rit of habeus [sic] corpus petition (in equity in chancery)" and related exhibits. (*See* doc. 27 at 8-77.) The petition challenges a state conviction pursuant to which she appears to be in custody, and Petitioner seeks expungement of her conviction and release from custody. (*See id.* at 8, 11-21, 24.)

As discussed, Petitioner pursued a writ of error *coram nobis* in this closed action instead of complying with the Court's order in the event she desired to pursue a habeas corpus action under § 2254 or a civil rights action under § 1983. Because she now appears to seek habeas relief in this

3

closed action, the Clerk of Court is **DIRECTED** to: (1) sever Petitioner's "[W]rit of habeus [sic] corpus petition (in equity in chancery)" and related exhibits (doc. 27 at 8-77) from this closed action; (2) open a new habeas corpus action under 28 U.S.C. § 2254; (3) directly assign the new § 2254 case to the same District Judge and Magistrate Judge as in this closed case; and (4) docket a copy of the severed filing and this order in that new case. Any appropriate warnings and orders will be issued in the newly opened case.

SO ORDERED this 22nd day of April, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE